After making every allowance growing out of our loose manner of pleading, which we are almost compelled to make in order to reach the justice of the case, I believe this plea cannot be supported; for as every fact necessary to create the charge must be substantially
stated in the declaration, so the plea must in substance contain every fact necessary to create or from the discharge. The defect is that the plea does not state that this creditor had notice. (317) Possibly every other defect might be gotten over. In strictness the plea should state when and show how he was discharged; the timewhen, that it might be perceived that it was at a period when the act of 1820 was in force, for it was repealed in 1821; and the manner how, that the Court might see, by comparing it with the provisions of the act, that it was within these provisions. But it only says that he was duly discharged under the act. This mode of pleading draws the examination of the law from the court to the jury, but upon the trial of the issue in supporting the averment duly discharged the points would come under examination, and the court could instruct the jury upon the law of the case. But, sitting in a court of original jurisdiction, I would prefer awarding a repleader that the facts might be stated; but this Court, as a revising court, cannot award one, that being matter of discretion; and we have no control over the discretion of the court below; we must take the record as we find it. The want of this power might possibly induce the Court to support the plea if there were no other defects. But I cannot see how the want of notice can be gotten over; for the principal may be very properly and duly discharged from an imprisonment at the instance of another creditor to whom he had given notice, and yet the discharge affect not the rights of this creditor. For on that fact, to wit, notice, depends the efficacy of the discharge as to this creditor. By the express provisions of the act the plea may, therefore, be true in every part, and the utmost extent be given to the meaning of the words duly discharged under the act, and yet not in the least affect the rights of this *Page 175 
creditor. If the fact be that he had notice, the defendant should have moved in the court below to be permitted to amend his plea to replead, and leave would have been granted, even after argument of the demurrer upon terms, or at any time while the record was under the control of the court. The demurrer must be sustained, however (318) reluctantly, and judgment given for the plaintiff.
PER CURIAM. Affirmed.